# EXHIBIT B

FOURTH JUDICIAL DISTRICT COURT
COUNTY OF SAN MIGUEL
STATE OF NEW MEXICO

VINCENT LOVATO, and SARA LOVATO
As Next of Kin to CHRISTIE LOVATO and
CHRISTIAN LOVATO,
Individually and On Behalf of All Others
Similarly Situated,

    Plaintiffs,

vs.

ALVARADO CONCEPTS, LLC,

    Defendant.

No.  D-412-CV-2017-00811

Aragon, Abigail

## ORIGINAL COMPLAINT
### FOR DAMAGES FOR PAYMENT OF MINIMUM WAGES AND OVERTIME WITH SIX PERSON JURY DEMAND

Plaintiffs Vincent Lovato, Christie Lovato, and Christian Lovato[1], Individually, and on behalf of all others similarly situated ("Plaintiffs" and "Class Members"), complain of Alvarado Concepts, LLC and show as follows:

### SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). Plaintiffs sought work to support their family as they went to school. They worked for Defendant at a KFC restaurant and their primary responsibilities included working the register and working as cooks. Plaintiffs routinely worked in excess of 40 hours per week, but were not paid overtime for the hours they worked in excess of 40 per week. In addition, they were not paid for all hours worked in each workweek because they were required to work off-the-clock late at night on a daily basis.

---

[1] Christie and Christian Lovato are represented herein through their mother and next of kin, Sara Lovato.

*Lovato et al. v. Alvarado Concepts* | 1

## PARTIES

2. Plaintiffs are residents of San Miguel County, New Mexico. Plaintiffs worked as employees for Defendant at various time periods between September 2016 and January 2017. At the time of employment, Christie and Christian Lovato were sixteen years old and Vincent Lovato was eighteen years old. Christie and Christian Lovato Plaintiffs have consented to be parties in this action and their consent forms are attached hereto.

3. Plaintiffs and "Potential Plaintiffs" are Defendant's current and former employees who worked at Defendant's Las Vegas restaurant location, were promised $7.50 per hour plus overtime for all hours worked over forty hours per week. Potential Plaintiffs are similarly situated employees of Defendant who were subject to a policy in which Defendant required them to work off-the-clock – a practice that resulted in Defendant's failure to properly pay state or federal minimum wage and/or overtime wages due to Plaintiffs and Potential Plaintiffs.

4. Defendant Alvarado Concepts, LLC is a limited liability company that may be served with process by serving its registered agent, Corporate Creations Network, Inc., 400 N. Pennsylvania #600, Roswell, New Mexico 88201, or wherever it may be found. Defendant is an employer within the meaning of the New Mexico Minimum Wage Act and the Fair Labor Standards Act.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction to hear these claims under Article VI, Section 13 of the New Mexico Constitution and 29 U.S.C. § 216.

6. Venue is proper under NMSA § 38-3-1 in San Miguel County because this is a county where Defendant does business and where the unlawful employment practices occurred.

## FACTS

### Coverage under the FLSA

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise, individually and collectively, within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiffs and Potential Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

### Plaintiffs' Employment

11. Defendant has business operations in New Mexico and their annual gross volume of sales, individually and collectively, made or business done exceeded $500,000.00 per year.

12. Vincent Lovato, Christie Lovato, and Christian Lovato – brothers and sister of the same family – sought work in 2016 to support their family. At the time, their family resided in Las Vegas, New Mexico and was extremely low-income. The three siblings knew they needed to

help bring in some income for the family.  However, though Vincent, Christie, and Christian needed to work, they also needed to make sure that their employment did not interfere with their high school education.

13.    The three of them sought work and were hired by Defendant as general staff at Defendant's KFC restaurant in Las Vegas, New Mexico between September 2016 and January 2017.

14.    At all times during his employment, Plaintiffs' primary duties included cooking, cleaning, food preparation, cleaning, and working the register.

15.    All Plaintiffs were promised payment of $7.50 per hour – the minimum wage under the New Mexico Minimum Wage Act – for all hours worked plus overtime rate of one and a half the regular rate of pay for hours worked over 40 hours per week.  Plaintiffs accepted this offer when they started their employment with Defendant and diligently performed all of their job duties during their employment with Defendant.

16.     Plaintiffs and Potential Plaintiffs routinely worked over 40 hours per week.  However, they were not properly paid overtime for all hours they worked in excess of 40 hours every week in which they worked.

17.    Defendant's policies required Plaintiffs and Potential Plaintiffs to use a punch clock to track their time worked.  However, Defendant had a policy and practice at Defendant's KFC restaurant in Las Vegas, New Mexico by which Plaintiffs and Potential Plaintiffs were told to clock out before they had finished their job duties on each day worked.  As a result, Defendant failed to pay Plaintiffs and Potential Plaintiffs minimum wage and/or overtime wages for all hours worked for every week worked.

18.     Plaintiffs and Potential Plaintiffs are entitled to receive minimum wage for all hours worked and overtime for all hours worked in excess of 40 per workweek.  Defendant was aware

of the FLSA and MWA's minimum wage and overtime requirements and chose not to pay overtime to these individuals. Defendant willfully required Plaintiffs and Potential Plaintiffs to work off-the-clock and refused to pay their minimum wage and overtime.

19. As a result of Defendant's policy, Plaintiffs were obligated to work several hours after they clocked out on most nights – leaving work around midnight or later on a regular basis. Given such late working hours, they were routinely exhausted and unable to focus on their schoolwork.

20. Defendant failed to keep and maintain accurate time records for all hours Plaintiffs and Potential Plaintiffs worked.

### Collective Action Allegations

21. Plaintiffs and Potential Plaintiffs performed the same or similar job duties as one another as described in the preceding paragraphs in that Potential Plaintiffs are employees whose primary responsibilities included cooking, cleaning, working the register, and food preparation. Further, Plaintiffs and Potential Plaintiffs were subjected to the same illegal pay plan in that they were required to work off-the-clock by Defendant's policy and, as a result, were not paid their promised minimum wage for all hours worked and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, Potential Plaintiffs victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiffs in terms of job duties and pay provisions.

22. Defendant's failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of Potential Plaintiffs. Thus, Plaintiffs' experience is typical of the experience of Potential Plaintiffs. All Potential Plaintiffs, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of

40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and Potential Plaintiffs.

23. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiffs and Potential Plaintiffs.

24. Pursuant to 29 U.S.C. § 216(b), Plaintiffs will seek collective action recognition and notice to Potential Plaintiffs who may wish to join this action as soon as practicable after the commencement of this action and in accord with the Local Rules of this Court.

## CAUSE OF ACTION
## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. The facts alleged above are fully incorporated herein.

26. During the relevant period, Defendant violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees their minimum wage for all hours worked or compensation work in excess of forty hours per week at rates no less than one-and one-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs and Potential Plaintiffs in accordance with the law.

27. Plaintiffs and Potential Plaintiffs have suffered damages as a result of Defendant's violations of the FLSA. Therefore, Plaintiffs and Potential Plaintiffs are entitled to recover their unpaid wages, liquidated damages equal to the unpaid or underpaid wages, and reasonable attorneys' fees and costs of this action.

## JURY DEMAND

28.     Pursuant to NMRA Rule 1-038(A), Plaintiffs demand a six-person jury trial on all issues subject to a jury's determination.

## PRAYER

WHEREFORE, cause having been shown, Plaintiffs pray for an expedited order certifying a class and directing notice to putative Potential Plaintiffs pursuant to 29 U.S.C. § 216(b), individually, and on behalf of any and all such Potential Plaintiffs, on trial of this cause, Plaintiffs pray for judgment against Defendant granting them the following relief:

a. award declaratory judgment that Defendant violated Plaintiffs' and Potential Plaintiffs' rights under the FLSA as set forth in the preceding paragraphs.

b. award Plaintiffs and Potential Plaintiffs actual and liquidated damages for Defendant's violation of the FLSA;

c. award Plaintiffs and Potential Plaintiffs reasonable attorneys' fees and costs of the court pursuant to the FLSA;

d. award Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. award Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the FLSA; and

f. award Plaintiffs all other relief to which they may justly be entitled.

Signed this 20th day of December, 2017.     Respectfully submitted,

THE LAW OFFICE OF LYNN COYLE, P.L.L.C.
2515 North Stanton
El Paso, Texas 79902
(915)532-5544
(915)532-5566 Facsimile

By:     /s/ *Christopher Benoit*
**CHRISTOPHER BENOIT**
New Mexico Bar No. 150497
chris@coylefirm.com

# Attachment

# Consent to Sue

### Consent to become party plaintiff and prosecute claim under the Fair Labor Standards Act or the New Mexico Minimum Wage Act

I, **Vincent Lovato**, consent to be a party plaintiff in *Vincent Lovato et al v. Alvarado Concepts, LLC* or any other case in order to seek redress for failure to pay minimum wage and overtime under the Fair Labor Standards Act, pursuant to 29 U.S.C. §§ 206, 207, and § 216(b) and the New Mexico Minimum Wage Act, NMSA 54-4-22 *et seq*. I authorize The Law Office of Lynn Coyle, P.L.L.C. to represent and proceed and to settle on my behalf and others similarly situated with regard to our Claims.

11/17/17
DATE

*Vincent Lovato*
SIGNATURE

## Consent to Sue

### Consent to become party plaintiff and prosecute claim under the Fair Labor Standards Act or the New Mexico Minimum Wage Act

I, **Christian Lovato**, consent to be a party plaintiff in *Vincent Lovato et al v. Alvarado Concepts, LLC* or any other case in order to seek redress for failure to pay minimum wage and overtime under the Fair Labor Standards Act, pursuant to 29 U.S.C. §§ 206, 207, and § 216(b) and the New Mexico Minimum Wage Act, NMSA 54-4-22 *et seq*. I authorize The Law Office of Lynn Coyle, P.L.L.C. to represent and proceed and to settle on my behalf and others similarly situated with regard to our Claims.

11-17-17
DATE

Christian Lovato
SIGNATURE

I, **Sara Lovato**, affirm that I am the parent and/or legal guardian of **Christian Lovato**, affirm that I am freely signing this agreement on his behalf, and have read this form and fully understand this form.

11-17-17
DATE

Sara Lovato
SIGNATURE

## Consent to Sue

**Consent to become party plaintiff and prosecute claim under the Fair Labor Standards Act or the New Mexico Minimum Wage Act**

I, **Christie Leslie Lovato**, consent to be a party plaintiff in *Vincent Lovato et al v. Alvarado Concepts, LLC* or any other case in order to seek redress for failure to pay minimum wage and overtime under the Fair Labor Standards Act, pursuant to 29 U.S.C. §§ 206, 207, and § 216(b) and the New Mexico Minimum Wage Act, NMSA 54-4-22 *et seq*. I authorize The Law Office of Lynn Coyle, P.L.L.C. to represent and proceed and to settle on my behalf and others similarly situated with regard to our Claims.

Nov 17/2017
DATE

Christie Lovato
SIGNATURE

I, **Sara Lovato**, affirm that I am the parent and/or legal guardian of **Christie Leslie Lovato**, affirm that I am freely signing this agreement on his behalf, and have read this form and fully understand this form.

11-17-17
DATE

Sara Lovato
SIGNATURE

FOURTH JUDICIAL DISTRICT COURT
COUNTY OF SAN MIGUEL
STATE OF NEW MEXICO

VINCENT LOVATO, and SARA LOVATO
As Next of Kin to CHRISTIE LOVATO and
CHRISTIAN LOVATO,
Individually and On Behalf of All Others
Similarly Situated,

  Plaintiffs,

vs.

ALVARADO CONCEPTS, LLC,

  Defendant.

No. D-412-CV-2017-00811

Aragon, Abigail

## PLAINTIFFS' SIX PERSON JURY DEMAND

  Plaintiffs demand a six-person jury trial.

Signed this 20th day of December, 2017.  Respectfully submitted,

               THE LAW OFFICE OF LYNN COYLE, P.L.L.C.
               2515 North Stanton
               El Paso, Texas 79902
               (915)532-5544
               (915)532-5566 Facsimile

         By:  /s/ *Christopher Benoit*
            **CHRISTOPHER BENOIT**
            New Mexico Bar No. 150497
            chris@coylefirm.com

1