IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| VINCENT LOVATO, and SARA LOVATO § <br> as Next of Kin to CE.L. and CN.L., Individually § <br> and On Behalf of All Others Similarly Situated, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ALVARADO CONCEPTS, LLC, § <br> § <br> Defendant. § | No. 1:18-cv-00080-JB-KBM |

**JOINT MOTION FOR APPROVAL OF**
**FLSA COLLECTIVE ACTION SETTLEMENT**

Vincent Lovato, Christie Lovato, and Christian Lovato ("Plaintiffs"), and Defendant Alvarado Concepts ("Defendant"), by and through their respective undersigned attorneys, respectfully request that this Court approve their settlement of this action. In support of this Joint Motion, Plaintiffs and Defendant state as follows:

1.  In this lawsuit, Plaintiffs have asserted claims against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

2.  Plaintiffs' claims arise out of their former employment at a Kentucky Fried Chicken brand restaurant independently operated by Defendant. (Dkt. #1, ¶ 1). Defendant employed Plaintiffs to prepare food and handle the cash register over a period of approximately four months at a wage rate of $7.50/hour. (*Id.*, ¶¶ 1-3).

3.  Plaintiffs allege that they were not paid overtime due under the FLSA for all hours worked over 40 hours during their respective employment. (*Id.*, ¶¶ 1, 25-27). Defendant denies that it failed to pay Plaintiffs overtime and denies that it violated the FLSA in any respect.

pg. 1

4.      In actions under the Fair Labor Standards Act, 29 U.S.C. § 216(b), such as this lawsuit, settlement agreements require judicial approval.  *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982).  Consequently, "[w]hen employees bring a private action ... under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Id.* at 1353.

5.      In scrutinizing the settlement for fairness, courts consider whether (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorney's fees.  *See Rodarte v. Bd. of Cty. Comm'rs of Bernalillo Cty.*, No. 14-CV-193 JAP/SCY, 2015 WL 5090531, at *7 (D.N.M. Aug. 28, 2015); *Lopez v. El Mirador, Inc.*, No. CV 16-01257 RB-KBM, 2018 WL 582577, at *3 (D.N.M. Jan. 26, 2018).  As established below, the settlement reached by the Parties satisfies each of these factors.  (*See* the Parties' Proposed Settlement Agreement, which is being submitted to the Court's email in-box for *in camera* review concurrently with the filing of this Motion).

6.      As to the first factor, the Parties jointly confirm that they had a bona fide dispute under the FLSA.  Defendant asserts, and continues to assert, that it did not violate the FLSA and that it did not fail to compensate Plaintiffs for overtime pay due under the FLSA.  The Parties also have a bona fide dispute over the actual amount of hours/weeks that Plaintiffs allegedly worked over 40 hours during their respective employment.  Thus, Plaintiffs' claims and Defendant's defenses are centered, in part, on a bona fide factual dispute as to whether Plaintiffs actually performed work in excess of 40 hours that was not recorded in their time records.

7.      Further, in reaching settlement, the Parties have taken into account their dispute as to whether arbitration agreements purportedly entered into by each of the individual Plaintiffs compel Plaintiffs to arbitrate their individual claims in this lawsuit.  (*See* Defendant's Motion to

Compel and related briefing, at Dkt. #11-12, 16-17). Plaintiffs have denied that these agreements compel Plaintiffs to arbitrate their claims. (*See* Dkt. #16). Absent settlement, the resolution of this issue might have required the Parties to prepare for and conduct an evidentiary hearing on this issue. (*See Id.*).

8. Thus, the Parties' settlement resolves a bona fide dispute in this litigation without the need for, and the risks and costs associated with, additional litigation and arbitration or trial.

9. Turning to the second factor, the settlement reflects a fair and equitable resolution of Plaintiffs' purported legal claims. Plaintiffs were represented by competent counsel with extensive experience in FLSA issues. Since this lawsuit was initiated in December of 2017, the Parties have investigated and analyzed the facts and law and developed independent calculations of the prospective damages. After engaging in settlement negotiations over the course of several weeks, the Parties reached a fair and reasonable resolution of Plaintiffs' claims.

10. The consideration under the Settlement Agreement fairly and reasonably compensates Plaintiffs for their purported overtime claims. Given the short period of time that Plaintiffs worked for Defendant (approximately four months), and their respective rates of pay ($7.50/hour) during their employment, the consideration that Plaintiffs will receive under the Settlement Agreement compensates Plaintiffs for their disputed overtime claims. Even under the most liberal methodology for the calculation of damages, the consideration paid to Plaintiffs in the Settlement Agreement represents the full amount that the Plaintiffs would have received for alleged unpaid overtime during their respective employment with Defendant.

11. Accordingly, Plaintiffs have represented in the Settlement Agreement that, as a result of the consideration provided by Defendants, they have been paid all minimum wages and overtime wages due and owing to them during the relevant period.

12.     Moreover, the proposed settlement does not bind any other individual, other than Plaintiffs, to any term or condition of settlement.  Thus, settlement of this matter does not adversely affect the interest of any non-party to the settlement.

13.     With respect to the final factor, the proposed settlement contains an award of reasonable attorney's fees.  During the course of this litigation, Plaintiffs' counsel engaged in initial fact-finding and the review of Plaintiffs' claims, drafted pleadings and initiated litigation, prepared Plaintiffs' litigation strategy, responded at length to Defendant's Motion to Compel Arbitration (Dkt. #16), and negotiated and helped prepare documentation relating to settlement, amongst other activities.

14.     For all the above reasons, the settlement proposed by the Parties represents a fair and equitable resolution of a bona fide dispute between the Parties, and should be approved by the Court.

**WHEREFORE**, Plaintiffs and Defendant, by and through their respective undersigned counsel, respectfully request that this Court enter a stipulated order approving the settlement of Plaintiffs' FLSA claims in this lawsuit.

| | |
|---|---|
| By: /s/ Joel W. Rice<br>Joel W. Rice<br>James M. Hux, Jr.<br>FISHER & PHILLIPS LLP<br>10 South Wacker Drive, Suite 3450<br>Chicago, Illinois 60606<br>Telephone:  (312) 346-8061<br>Facsimile:  (312) 346-3179<br>Email:  jrice@fisherphillips.com<br>Email:  jhux@fisherphillips.com<br><br>Stanley K. Kotovsky, Jr.<br>TINNIN LAW FIRM, | By:  /s/ *Christopher Benoit*<br>Christopher Benoit<br>New Mexico Bar No. 150497<br>THE LAW OFFICE OF LYNN COYLE, P.L.L.C.<br>2515 North Stanton<br>El Paso, Texas 79902<br>Telephone: (915) 532-5544<br>Facsimile: (915) 532-5566<br>Email: chris@coylefirm.com<br><br>*Attorney for Plaintiffs* |

| | |
|---|---|
| a professional corporation<br>P, O. Box 25207<br>Albuquerque, New Mexico 87125<br>Telephone: (505) 768-1500<br>Email: skotovsky@tinninlawfirm.com<br><br>*Attorneys for Defendant* | |

## CERTIFICATE OF SERVICE

This is to certify that on May 16, 2018, I served a copy of the foregoing pleading upon Defendant counsel of record via the Electronic Case Filing system.


    */s/ Christopher Benoit*
    **CHRISTOPHER BENOIT**